OPINION
{¶ 1} Defendant-appellant, Anthony Dandridge, appeals his conviction and sentence in the Butler County Court of Common Pleas for possession of cocaine. We affirm both the conviction and the sentence.
 {¶ 2} Around 12:30 A.M. on August 15, 2003, Hamilton Police Detective Joey Thompson was working undercover, driving an unmarked police vehicle near the intersection of Ludlow and South Seventh Streets in Hamilton. Appellant whistled to attract Detective Thompson's attention. Appellant approached the vehicle and asked Detective Thompson if he was working for the police. Detective Thompson replied that he was not, and appellant got into the car. Detective Thompson told appellant that he wanted a "twenty," or a $20 rock of crack cocaine. Appellant responded that he had the crack cocaine with him, and produced a plastic bag with four rocks of crack cocaine. Detective Thompson stopped the car, and on his signal, Officer Steve Hanks pulled alongside the parked vehicle. Appellant dropped the bag of crack cocaine out of the window. Officer Hanks arrested appellant and retrieved the bag. The contents of the bag were later tested and identified as 1.52 grams of crack cocaine.
 {¶ 3} Appellant was charged with trafficking in cocaine. The matter proceeded to a bench trial, and appellant was convicted of the lesser included offense of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4). He was sentenced to a 16-month prison term and ordered to pay a $1,000 fine and court costs. He appeals, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of the defendantappellant when it ordered fines and costs without consideration of his ability to pay financial sanctions."
 {¶ 6} R.C. 2929.18(A) permits a trial court to impose financial sanctions upon felony offenders. However, before imposing such sanctions, the trial court is required to "consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings regarding the offender's ability to pay that must be made. Id.; State v. Martin (2000), 140 Ohio App.3d 326, 338. "All that is required under R.C. 2929.19(B)(6) is that the trial court `consider the offender's present or future ability to pay.'" Id. Compliance with R.C. 2929.19(B)(6) can be shown when a trial court considers a Presentence Investigation Report ("PSI") that details personal and financial information. Id. at 338-339.
 {¶ 7} In the present case, while there is no mention of appellant's ability to pay financial sanctions in the transcript of the sentencing hearing, the trial court did state in the final judgment entry that it had considered appellant's "present and future ability to pay the amount of any sanction of fine." Further, the trial court indicated at the sentencing hearing, and in its judgment entry, that it had considered the PSI submitted to the court. Although the PSI is not part of the public record, it is part of the appellate record for our review. R.C. 2953.08(F). The PSI in the present matter provides information regarding appellant's current and future ability to pay financial sanctions, including his age, health, education, and work history. We therefore find that the trial court complied with R.C. 2929.19(B)(6) before ordering financial sanctions. Accord Martin; State v. Lunsford, Butler App. No. CA2001-12-284, 2003-Ohio-1442. The assignment of error is overruled.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant by finding him in possession of cocaine found outside of a motor vehicle that he was seated in."
 {¶ 10} In his second assignment of error, appellant contends that his conviction is against the manifest weight of the evidence, arguing that Detective Thompson's testimony that appellant was in possession of the crack cocaine was not credible.
 {¶ 11} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990) at 1594. In determining whether a conviction is contrary to the manifest weight of the evidence, an appellate court must review the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and taking into account the witnesses' credibility, to determine if the jury clearly lost its way in resolving evidentiary conflicts and created such a manifest miscarriage of justice that its verdict must be reversed and a new trial ordered. Thompkins at 387; State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} Although a reviewing court looks at the record anew when considering whether a verdict is against the manifest weight of evidence, the trier of fact, not the appellate court, is in the best position to evaluate testimony and determine the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "[A] conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Guzzo, Butler App. No. CA2003-09-232, 2004-Ohio-4979, ¶ 13, quoting State v. Zentner, Wayne App. No. 02CA0040, 2003-Ohio-2352, ¶ 21.
 {¶ 13} In the present case, Detective Thompson testified that while in the vehicle, appellant produced the plastic bag containing crack cocaine, and that appellant dropped the bag outside the vehicle when stopped. Appellant offered no contrary testimony. The trial court found Detective Thompson's testimony to be credible, and we will not second-guess the trial court's judgment. Having reviewed the record, we find that the conviction is supported by the weight of the evidence, and accordingly overrule appellant's second assignment of error.
 {¶ 14} Judgment affirmed.
Young, P.J., and Powell, J., concur.