[Cite as *State v. Johnson*, 2014-Ohio-3776.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2011-11-212 |
| | : | O P I N I O N |
| - vs - | | 9/2/2014 |
| | : | |
| DONALD LEE JOHNSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-02-0199


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Allen M. Vender, Assistant Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Donald Johnson, appeals the imposition of a mandatory fine by the Butler County Court of Common Pleas.

{¶ 2} Johnson was indicted on single counts of aggravated robbery, felonious assault, robbery, and aggravated possession of drugs after he robbed a pharmacy of prescription drugs. Johnson initially pled not guilty to the charges, but subsequently reached

a plea agreement with the state. Johnson pled no contest to aggravated robbery, robbery, and aggravated possession of drugs, and the trial court found Johnson guilty of those charges, which also included a gun specification. The trial court sentenced Johnson to an aggregate 13-year sentence and ordered Johnson to pay $19,000 in fines, $10,000 of which was mandatory.

{¶ 3} After sentencing, Johnson filed an affidavit of indigency so that Johnson's court-appointed counsel could be compensated. However, no such affidavit was filed with the court prior to sentencing, or prior to the trial court's imposition of fines as part of Johnson's sentence. Johnson now appeals the trial court's decision to impose the mandatory fine raising two assignments of error. For ease of discussion, and because the assignments of error are interrelated, we will address them together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} JOHNSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE AN AFFIDAVIT OF INDIGENCY OF [sic] JOHNSON'S BEHALF, OR OTHERWISE ADVOCATE AGAINST FINES, AND JOHNSON WAS IN FACT INDIGENT.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY ORDERING JOHNSON TO PAY $10,000 IN FINES WITHOUT REASONABLY CONSIDERING JOHNSON'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(5).

{¶ 8} Johnson argues in his assignments of error that the trial court erred in imposing fines upon him because he is indigent, and that his trial counsel was ineffective for failing to argue against the fines.

{¶ 9} The United States Supreme Court established a two-part test in regard to ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052

(1984). That test requires an appellant to establish that first, "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial." *State v. Myers*, 12th Dist. Fayette No. CA2005-12-035, 2007-Ohio-915, ¶ 33, citing *Strickland*. Regarding the first prong, an appellant must show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong requires the appellant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 10} According to R.C. 2929.18(B)(1), the trial court is obligated to impose mandatory fines when the defendant commits certain drug-related felonies. However, the statute goes on to provide, "if an offender alleges in an affidavit filed with the court *prior to sentencing* that the offender is indigent and unable to pay the mandatory fine *and if the court determines the offender is an indigent person and is unable to pay the mandatory fine* described in this division, the court shall not impose the mandatory fine upon the offender." (Emphasis added.) Thus, to avoid imposition of a fine at the time of sentencing, two things must occur, (1) the defendant must submit to the court an affidavit of indigency prior to sentencing, and (2) the court must render a determination that the defendant is in fact indigent. Neither of the two prerequisites for the avoidance of a mandatory fine occurred in the case at bar.

{¶ 11} "Courts in Ohio have held that the failure to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine only constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed." *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002 WL 737060, *2 (Apr. 26, 2002). The filing of an affidavit of indigency by a defendant does not automatically entitle the

defendant to a waiver of the mandatory fine. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184. "The burden is upon the offender to affirmatively demonstrate that he or she is indigent and is *unable to pay* the mandatory fine." (Emphasis sic.) *State v. Gipson*, 80 Ohio St.3d 626, 635 (1998).

{¶ 12} Even so, and according to R.C. 2929.19(B)(5), "before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." Although the statute imposes a duty on the trial court to consider the offender's present and future ability to pay, there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record. *State v. Simms*, 12th Dist. Clermont No. CA2009-02-005, 2009-Ohio-5440, ¶ 9. Compliance with R.C. 2929.19(B)(5) can be shown through the trial court's use of a Presentence Investigation Report (PSI), which often provides financial and personal information, in order to aid the court in making its determination. *Id.*

{¶ 13} Johnson argues that his trial counsel was ineffective for failing to file an affidavit of indigency because the trial court would not have ordered him to pay a mandatory fine had the affidavit of indigency been filed. While the record indicates that Johnson was indigent in regard to obtaining court-appointed counsel, the record does not show a reasonable probability that the trial court would have found Johnson indigent and unable to pay the fine had the affidavit been filed.

{¶ 14} As recognized by the Third District Court of Appeals, there is a difference between determining that an appellant is indigent for purposes of appointing counsel as opposed to ordering mandatory fines. *State v. Powell*, 78 Ohio App.3d 784, 789-90 (3d Dist.1992). The *Powell* court explained that,

the basis for requiring a determination that the defendant is

unable to pay a mandatory fine when the trial court previously found the defendant to be indigent for purposes of receiving appointed counsel is simple. Many criminal defendants, even those who have steady income, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings.

{¶ 15} This court and others have adopted similar reasoning. *See State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 35 (noting that "the determination that a defendant is indigent for purposes of appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine"); *State v. Waddell*, 4th Dist. Lawrence No. 10CA27, 2011-Ohio-4629, ¶ 8, fn. 2 (noting that "indigency for purposes of affording counsel, and for purposes of paying fines, are separate and distinct issues"); *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 29 (noting that Ohio courts have uniformly held that "a determination that a criminal defendant is indigent for purposes of receiving court appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18" because "an offender's ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the outset of the criminal proceedings"); and *State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶ 16 (noting that there is a "distinction between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine").

{¶ 16} The fact that Johnson could not afford private counsel at the moment criminal proceedings began against him does not mean that he cannot afford to pay a fine at some point in the future. In the case at bar, there is insufficient evidence in the record before us to

demonstrate a reasonable probability that the trial court would have found Johnson indigent and unable to pay the fine had defense counsel filed an affidavit of indigency prior to sentencing.

{¶ 17} In accordance with R.C. 2929.19(B)(5), the trial court expressly noted in its sentencing entry that it had considered Johnson's present and future ability to pay fines, and imposed not only the mandatory fine, but also $9,000 in other fines. The trial court ordered a PSI, which detailed Johnson's age, education, physical and mental health, and employment history. The trial court noted during sentencing that it had reviewed the PSI along with the facts and circumstances of Johnson's case.

{¶ 18} The information contained in the PSI indicates that Johnson was only 27 at the time of his sentencing so that he will be 40 years old upon his release from prison with many years of employability remaining. The PSI also indicated that Johnson had a history of being employed before his convictions, including a position as a fabricator with a concrete company. The record does indicate that while employed as a fabricator Johnson suffered an injury in which one of his fingers was amputated. However, Johnson does not explain how his missing one finger renders the rest of his body unable to seek gainful employment or how missing a finger precludes his ability to maintain employment once he has served his sentence.

{¶ 19} While it is true that Johnson is not currently employed and will not be during his 13-year confinement, the controlling statute specifically requires a trial court to consider the offender's *future ability to pay* as well as his present ability. We do not disagree with Johnson that he does not have the present ability to pay, but we cannot say that the trial court erred in determining that Johnson has the future ability to pay.[1]

---

1 We also anticipate Johnson's situation will improve during his time in prison. Johnson expressed in his statements to the court that he was grateful for being arrested because it would provide him the opportunity to

{¶ 20} After reviewing the record, Johnson has failed to demonstrate that his trial counsel was ineffective for failing to file an affidavit of indigency specific to the imposition of mandatory fines. Nor has Johnson demonstrated that the trial court failed to abide by R.C. 2929.19(B)(5), where the record is clear that the trial court considered Johnson's present and future ability to pay the fines. As such, Johnson's assignments of error are overruled.

{¶ 21} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.

---

combat the negative impacts of his drug addiction. We agree with Johnson that he will have an opportunity to obtain education, receive treatment for his drug addiction and other health issues, and also continue to grow and mature while he serves his sentence.