[Cite as *State v. Saracco-Rios*, 2016-Ohio-7192.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2016-02-011 |
| Plaintiff-Appellee, | : | CA2016-03-014 |
| | : | O P I N I O N |
| - vs - | | 10/3/2016 |
| | : | |
| ALDO SAUL SARACCO-RIOS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20150123

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Shannon M. Treynor, 63 North Main Street, P.O. Box 735, London, Ohio 43140, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Aldo Saul Saracco-Rios, appeals from his conviction in the Madison County Court of Common Pleas after he pled guilty to one count of possession of drugs. For the reasons outlined below, we affirm.

{¶ 2} On October 15, 2015, the Madison County Grand Jury returned an indictment charging Saracco-Rios with one count of possession of drugs in violation of R.C. 2925.11(A), a first-degree felony. The charge arose after Saracco-Rios attempted to sell 124 grams of

heroin to an undercover officer at a gas station located in Madison County. It is undisputed that at the time of his arrest, Saracco-Rios was a 24-year-old Mexican citizen who had recently graduated from a Mexican university with a degree in law.

{¶ 3} On January 21, 2016, Saracco-Rios entered a guilty plea to the charged offense of one count of possession of drugs. After accepting Saracco-Rios' plea, the trial court referred the matter for a presentence investigation report ("PSI"). Thereafter, on February 16, 2016, the trial court held a sentence hearing and sentenced Saracco-Rios to serve a mandatory term of nine years in prison, ordered him to pay the mandatory minimum fine of $10,000, and imposed a mandatory five-year postrelease control term. The trial court also suspended Saracco-Rios' driver's license for a period of five years. Saracco-Rios then moved the trial court to reconsider its sentencing decision, which the trial court denied.

{¶ 4} Saracco-Rios now appeals from his conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} COUNSEL FOR THE DEFENDANT/APPELLANT WAS INEFFECTIVE FOR FAILING TO REQUEST THE COURT FOR A COMPLETE OR PARTIAL WAIVER OF THE MANDATORY FINE BASED UPON THE DEFENDANT'S INDIGENCE.

{¶ 7} In his first assignment of error, Saracco-Rios argues he received ineffective assistance of counsel when his trial counsel did not "call the [trial court's] attention" to the issue of whether he had the present or future ability to pay the mandatory minimum $10,000 fine that was imposed. We disagree.

{¶ 8} Pursuant to R.C. 2929.18(B)(1), the trial court is obligated to impose mandatory fines when the offender commits certain drug-related felonies. *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776, ¶ 10. As relevant here, this includes a first-degree felony offense of possession of drugs in violation of R.C. 2925.11(A). However, the

statute further provides that (1) "if an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine," and (2) "if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division," the court shall not impose such a mandatory fine.

{¶ 9} Ohio courts, including this court, have held that the failure to file an affidavit alleging an offender's indigency and inability to pay a mandatory fine constitutes ineffective assistance of counsel only "'when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed.'" *Johnson* at ¶ 11, quoting *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002 WL 737060, *2 (Apr. 26, 2002). Yet, even then, the filing of an affidavit of indigency by an offender does not automatically entitle the offender to a waiver of the mandatory fine. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 35. Rather, "[t]he burden is upon the offender to affirmatively demonstrate that he or she is indigent and is *unable to pay* the mandatory fine." (Emphasis sic.) *State v. Gipson*, 80 Ohio St.3d 626, 635 (1998).

{¶ 10} According to R.C. 2929.19(B)(5), before imposing a financial sanction, including a mandatory fine under R.C. 2929.18(B)(1), "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." There are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay. *State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 6. However, there must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present or future ability to pay. *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12, citing *State v. Adkins*, 144 Ohio App.3d 633, 647 (12th Dist.2001). This can be shown through the trial court's use of a PSI, which often provides financial and personal information of the offender, in order to aid the trial court in making its determination. *Johnson*, 2014-Ohio-3776

at ¶ 12, citing *State v. Simms*, 12th Dist. Clermont No. CA2009-02-005, 2009-Ohio-5440, ¶ 9.

{¶ 11} After a thorough review of the record, we find the record contains ample evidence indicating the trial court considered Saracco-Rios' present and future ability to pay the mandatory minimum $10,000 fine that was imposed. As noted above, it is undisputed that at the time of his arrest, Saracco-Rios was 24-year-old Mexican citizen who had recently graduated from a Mexican university with a degree in law. Yet, despite being educated in the law, the PSI indicates Saracco-Rios had instead started his own lawn care and painting business that earned him between $2,000 to $3,000 a month, a portion of which he would send to his mother and sister in Mexico. The PSI also indicated Saracco-Rios had never been fired from any prior employment, had no prior criminal record, and that he had considered himself in a good financial condition prior to his arrest.

{¶ 12} As part of the sentencing hearing, the trial court noted that it had reviewed and considered the PSI in fashioning its sentence, specifically noting "that Mr. Saracco-Rios is a well-educated man, and, in fact, was trained to be a lawyer." In addition, as part of its sentencing entry, the trial court explicitly stated that it had "reviewed the [PSI] and heard statements in mitigation presented by [Saracco-Rios] and his counsel." As can be seen, there was ample evidence in the record to indicate the trial court properly considered Saracco-Rios' present and future ability to pay the mandatory minimum $10,000 fine that was imposed. Therefore, because Saracco-Rios has failed to demonstrate that the trial court failed to consider his present and future ability to pay, it cannot be said that Saracco-Rios' trial counsel provided ineffective assistance by not "call[ing] the [trial court's] attention" to that issue. Accordingly, Saracco-Rios' first assignment of error lacks merit and is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT, A FIRST TIME, NON-VIOLENT OFFENDER, TO A DETERMINATE TERM

OF NINE YEARS IN THE PENITENTIARY.

{¶ 15} In his second assignment of error, Saracco-Rios argues the trial court abused its discretion by sentencing him to serve a mandatory nine-year prison term. We disagree.

{¶ 16} Contrary to Saracco-Rios' claim, an appellate court does not review a trial court's sentencing decision for an abuse of discretion. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8, citing *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 10. Rather, as with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes [addressed within R.C. 2953.08(G)(2)] or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶ 17} Even in those cases where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, Slip Opinion No. 2016-Ohio-2970, ¶ 1, citing *Id.* at ¶ 7.

{¶ 18} We find no error in the trial court's decision to sentence Saracco-Rios to serve a mandatory nine-year prison term. As the record reveals, Saracco-Rios' sentence is not clearly and convincingly contrary to law because the trial court properly considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12,

imposed the required mandatory five-year postrelease control term, and ordered him to serve a sentence that fell within the permissible statutory range for a first-degree felony. *See* R.C. 2929.14(A)(1) ("[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years"). As this court has stated previously, a sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 19} The record also supports the trial court's sentencing decision. Specifically, the record indicates Saracco-Rios attempted to sell 124 grams of heroin to an undercover officer for hire or as part of an organized criminal activity. Saracco-Rios admitted as much in the PSI, which indicated he "would make 300 for the risk." As the trial court properly noted, pursuant to R.C. 2929.12(B)(7), this indicates Saracco-Rios' conduct was more serious than the conduct normally constituting the offense. The record also indicates that Saracco-Rios had a history of substance abuse and admitted use of marijuana, cocaine, and alcohol. Therefore, because we find Saracco-Rios' sentence was not clearly and convincingly contrary to law, and because the record fully supports the trial court's sentencing decision, Saracco-Rios' second assignment of error is also without merit and overruled.

{¶ 20} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.