[Cite as *State v. Carriger*, 2017-Ohio-1330.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-06-108 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/10/2017 |
| - vs - | : | |
| | : | |
| GREGORY L. CARRIGER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-09-1454


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Gregory Carriger, appeals the imposition of a mandatory fine by the Butler County Court of Common Pleas.

{¶ 2} On April 20, 2016, appellant pled guilty to one count of aggravated possession of drugs, a felony of the third degree, in violation of R.C. 2925.11. During the plea hearing, the trial court informed appellant that the offense carried with it "a maximum fine of $10,000

of which $5,000 is mandatory." On May 26, 2016, the trial court sentenced appellant to 24 months in prison and ordered him to pay a mandatory fine of $5,000.

{¶ 3} Appellant now appeals, raising one assignment of error:

{¶ 4} THE TRIAL COURT ERRED BY ORDERING MR. CARRIGER TO PAY $5,000 IN FINES WITHOUT REASONABLY CONSIDERING HIS INDIGENT STATUS AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(5).

{¶ 5} Appellant argues the trial court erred in imposing the $5,000 mandatory fine without considering his present and future ability to pay, as required by R.C. 2929.19(B)(5), and without considering the fact he is indigent as evidenced by the affidavit of indigency he filed on January 27, 2016.

{¶ 6} Pursuant to R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), a trial court is obligated to impose mandatory fines when the offender commits certain drug-related felonies. As relevant here, this includes a third-degree felony offense of possession of drugs in violation of R.C. 2925.11(A). However, "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine * * *, the court shall not impose the mandatory fine upon the offender." R.C. 2929.18(B)(1).

{¶ 7} Thus, to avoid imposition of a mandatory fine at the time of sentencing, two things must occur: (1) the offender must submit an affidavit of indigency to the trial court prior to sentencing, and (2) the trial court must make a determination that the offender is in fact indigent. *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776, ¶ 10.

{¶ 8} Appellant correctly asserts that he filed an affidavit of indigency on January 27, 2016, prior to sentencing. However, this affidavit was filed for purposes of receiving appointed trial counsel, and not for purposes of avoiding imposition of the mandatory fine. The determination that a defendant is indigent for purposes of appointed counsel is separate

and distinct from a determination of indigency for purposes of paying a mandatory fine. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 35. A determination that a criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18 because an offender's ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings. *State v. Kelly*, 145 Ohio App.3d 277, 283-284 (12th Dist.2001). Thus, appellant cannot rely on his January 27, 2016 affidavit to demonstrate indigency for the purpose of avoiding imposition of the mandatory fine. *State v. Banks*, 6th Dist. Lucas Nos. WD-06-094 and WD-06-095, 2007-Ohio-5311, ¶ 15.

{¶ 9} The fact that an affidavit of indigency was not properly filed prior to sentencing pursuant to R.C. 2929.18(B)(1) "is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." *State v. Gipson*, 80 Ohio St.3d 626, 633 (1998). Here, because appellant did not file an affidavit alleging he was indigent and unable to pay the mandatory fine with the trial court prior to sentencing, the trial court did not err when it imposed the mandatory fine pursuant to R.C. 2929.18(B)(1). *State v. Parsley*, 10th Dist. Franklin No. 09AP-612, 2010-Ohio-1689, ¶ 54; *Gipson* at 633. The imposition of the fine was mandated by law. *Bolden* at ¶ 37.

{¶ 10} Appellant further argues the trial court erred in imposing the $5,000 mandatory fine because the court did not consider his present and future ability to pay the fine as required by R.C. 2929.19(B)(5).

{¶ 11} R.C. 2929.19(B)(5) provides that before imposing a financial sanction, including a mandatory fine under R.C. 2929.18(B)(1), "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." There are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay. *State v. Saracco-Rios*, 12th Dist. Madison Nos. CA2016-02-011 and CA2016-

03-014, 2016-Ohio-7192, ¶ 10. Compliance with R.C. 2929.19(B)(5) can be shown through the trial court's use of a presentence investigation report ("PSI"), which often provides financial and personal information of the offender, in order to aid the trial court in making its determination. *Johnson*, 2014-Ohio-3776 at ¶ 12.

{¶ 12} In the case at bar, the trial court expressly noted in its sentencing entry that it had considered appellant's present and future ability to pay fines, and imposed the $5,000 mandatory fine. The trial court ordered a PSI, which detailed appellant's age, education, physical and mental health, and employment history. The trial court noted during the sentencing hearing and in its sentencing entry that it had reviewed the PSI.

{¶ 13} The PSI indicates that appellant was 37 years old at the time of his sentencing, so that he will be 39 years old upon his release from prison with many years of employability remaining. The PSI also indicates that appellant reported his back "goes out all the time" and that as a result of going to the hospital whenever his back goes out, he "currently owes 'massive medical bills.'" Nonetheless, the PSI indicates that appellant was employed at the time of the offense, "working under the table painting," and that he has worked in construction in the past. Although appellant reported his current financial situation is bad, he further reported he was "able to provide for himself and pay his bills, when he is not incarcerated."

{¶ 14} While it is true that appellant is not currently employed and will not be during his 24-month imprisonment, R.C. 2929.19(B)(5) specifically requires a trial court to consider the offender's future ability to pay as well as his present ability. We do not disagree with appellant that he does not have the present ability to pay, but we cannot say the trial court erred in determining appellant has the future ability to pay.

{¶ 15} In light of appellant's failure to file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) and the fact the record is clear the trial court considered appellant's present

- 4 -

and future ability to pay fines, we find the trial court did not err in imposing the $5,000 mandatory fine.

{¶ 16} Appellant's assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J. and PIPER, J., concur.