[Cite as *State v. Manning*, 2018-Ohio-3334.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-08-113 |
| | : | O P I N I O N |
| - vs - | | 8/20/2018 |
| | : | |
| DERICK E. MANNING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-05-0839

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Derick Manning, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to aggravated possession of drugs.

{¶ 2} Manning was charged with several drug-related offenses after separate arrests for possessing and selling methamphetamine, one of which included a police chase. Manning pled guilty to aggravated possession of drugs in two of the cases, and failure to

comply with an order or signal of a police officer in a third case.

{¶ 3} The trial court held a joint sentencing hearing and imposed an aggregate prison term of seven years. During the hearing, the trial court also imposed mandatory fines totaling $10,000 and ordered forfeiture of cash found on Manning's person during his arrest for aggravated possession of drugs. When the trial court addressed the fines, Manning's counsel indicated that he had not filed an affidavit of indigency for the purposes of obtaining a waiver of the mandatory fine. The trial court noted that such an affidavit was required before sentencing, and thus proceeded to impose the sentence referenced above.

{¶ 4} Manning now appeals his sentence, raising the following assignments of error. We will address Manning's first and second assignments of error together, as they are interrelated.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DECLINING TO CONSIDER WAIVER OF A MANDATORY FINE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 9} Manning argues in his first and second assignments of error that the trial court erred by ordering him to pay mandatory fines and that his counsel was ineffective for not properly requesting mandatory waiver of the fines.

{¶ 10} According to R.C. 2929.18(B)(1), the trial court must impose a fine for all first, second, or third-degree felony drug convictions. However, the statute permits the trial court to waive the mandatory fine "if an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine

described in this division." *Id.*

{¶ 11} "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5). Although we note that it is preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 47. Instead, courts look to the totality of the record to see if this requirement has been satisfied. *Id.* There are no express factors that must be considered or specific findings made regarding the offender's ability to pay. *State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 6. R.C. 2929.19(B)(5) requires only that the trial court *consider* the offender's present or future ability to pay. *Id.*

{¶ 12} "The determination that a defendant is indigent for purposes of appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776, ¶ 15.

{¶ 13} According to the Ohio Supreme Court, "the affidavit must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision." *State v. Gipson*, 80 Ohio St.3d 626, 632 (1998). A formal filing "means that the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, *i.e.*, time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." *Id.* at 626. "[T]he required filing of an affidavit of indigency for purposes of avoiding a mandatory fine is, in effect, a jurisdictional issue." *Id.* at 633.

{¶ 14} The record clearly indicates that Manning's affidavit of indigency was never formally filed with the court regarding his request to waive the mandatory fines. Therefore, Manning did not file his affidavit of indigency with the trial court prior to sentencing and the

trial court was not permitted to consider the merits of Manning's request to waive the mandatory fees.

{¶ 15} Although the sentencing transcript demonstrates that Manning's counsel requested the ability to file an affidavit at some future time, counsel did not file that affidavit in compliance with the statute. During the sentencing hearing, the following exchange occurred while the trial court was addressing the fines.

[Counsel] Your Honor, if I may?

[Court] Yes.

[Counsel] Regarding that, I - - unfortunately, in my file, I did not have an affidavit of indigency from the lower court that - - a representation from [the] lower court. But, I do have the waiver. I can file it - - this, perhaps, maybe, in the next 15 minutes. Would the Court consider waiving that mandatory fine?

[Court] I'm not sure what the case is, but I don't think the Court can. It has to be filed prior to the imposition of the sentence, and if it's not filed prior to the imposition of the sentence, then the Court does not have the authority to waive the mandatory fine.

{¶ 16} We understand that counsel may have been momentarily deterred by the trial court's inaccurate statement that the affidavit needed to be filed before the sentencing hearing. However, there is nothing on record to suggest that Manning tried to proffer the affidavit or tried to file it prior to the trial court's sentencing entry upon learning the correct rule of law.

{¶ 17} These facts are similar to *Gipson* where defense counsel attempted to submit an affidavit of indigency at the sentencing hearing, but the trial court determined the affidavit was untimely and did not accept it. Despite the trial court's error in not permitting the defendant to file his affidavit after the sentencing hearing but before the trial court's sentencing entry, the Ohio Supreme Court noted that the affidavit was never submitted to the

court after the hearing and despite the trial court's indication that it would not accept the affidavit, the trial court did not err in imposing the fine.

{¶ 18} As noted above, filing for purposes of the statute requires the clerk of the court to indorse the time of filing on each pleading or filing. Even if the trial court had become aware of the correct rule of law that an affidavit can be filed after the sentencing hearing so long as it is filed before the entry of sentence, the trial court could not have considered Manning's affidavit because it was never filed, let alone timely filed.

{¶ 19} Manning argues that his counsel's failure to submit the affidavit rendered counsel's assistance ineffective. To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result would have been different. *Id.* at 694.

{¶ 20} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 21} Failure to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine constitutes ineffective assistance of counsel only if the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *State v. Johnson*, 12th Dist. Butler No.

CA2011-11-212, 2014-Ohio-3776. The filing of an affidavit of indigency by a defendant does not automatically entitle the defendant to a waiver of the mandatory fine. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184. The defendant has the burden to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine. *Gipson*, 80 Ohio St.3d at 635.

{¶ 22} There is no indication in the record that the trial court would have determined that Manning was unable to pay the fines even had counsel properly filed an affidavit. Instead, the trial court had evidence before it that Manning was a full-time employee at the time of his crime, earning $400 per week, and that Manning believed his employer would re-hire him upon his release from prison. Manning had his GED, and his overall physical health was good. He was not under the care of a doctor for any physical ailments at the time of sentencing and would have had no reason to avoid employment.

{¶ 23} The trial court also considered that Manning would be 40 years old when released from prison and was "intelligent." Manning's own counsel indicated to the court that Manning had a "skill set" and strong "family support to be a productive member of society." The trial court also noted that it had considered the presentence investigation report, which contained these facts and more regarding Manning's present and future ability to pay.

{¶ 24} These facts demonstrate that Manning could not have met his burden to affirmatively demonstrate his inability to pay the fine. As such, the results of Manning's request to waive the mandatory fine would not have been different even if counsel had filed an affidavit of indigency. Manning's first and second assignments of error are overruled.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING THE PAYMENT OF COSTS.

{¶ 27} Manning argues that the trial court erred in imposing court costs because the

court made no mention of such costs at the sentencing hearing.

{¶ 28} According to R.C. 2947.23(A), a trial court shall include the costs of prosecution in the defendant's sentence. However, the imposition of costs may be waived if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989. In the past, if a trial court failed to address court costs at the sentencing hearing but then ordered the defendant to pay costs in its entry, the defendant would be deprived of an opportunity to seek a waiver. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 13. Appellate courts would therefore reverse and remand for the limited purpose of allowing the defendant to move the court for a waiver of the payment of court costs.

{¶ 29} However, and since *Joseph* was decided, the General Assembly amended R.C. 2947.23 by adding subdivision (C): "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*." (Emphasis added.) As such, Manning does not need this court to remand his case for him to file a motion to waive costs. *See State v. Beasley*, Slip Opinion No. 2018-Ohio-493 (finding that Beasley did not need the court to remand his case for him to file a motion to waive costs given the amendment to R.C. 2947.23). Manning can demonstrate no prejudice simply because the order for court costs was included in the entry but not referenced at the hearing. Therefore, Manning's request for a remand on this basis has no merit and his third assignment of error is overruled.

{¶ 30} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.