[Cite as *State v. Starr*, 2019-Ohio-834.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-05-049 |
| | : | O P I N I O N |
| - vs - | | 3/11/2019 |
| | : | |
| EUGENIA STARR, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17 CR 33757


David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

James A. Anzelmo, 446 Howland Drive, Gahanna, Ohio, 43230, for appellant


**PIPER, J.**

{¶ 1} Appellant, Eugenia Starr, appeals her conviction and sentence in the Warren County Court of Common Pleas for aggravated drug possession.[1]

{¶ 2} On the morning of December 6, 2017, three police officers arrived at Michael Gilliam's residence to investigate a complaint of theft and assault. Gilliam met the officers

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

and invited them inside his home. Gilliam told the officers that appellant lived with him and he had called because appellant used his truck, without permission, to buy methamphetamine. Gilliam also claimed that appellant spit at him when he confronted her about the unauthorized use.

{¶ 3} Upon entering the house, the officers found appellant sitting on a couch in the front room. One of the officers began to question appellant about the possibility of finding drugs in her bedroom. After several minutes of conversing with the officers, appellant consented to a search of her room. Thereafter, appellant and two officers moved toward appellant's bedroom. At that point, an officer informed appellant that she was going to be searched for weapons before the second officer conducted the bedroom search. When asked if she had any weapons, appellant produced a pocket knife. The officer proceeded to pat appellant down and found a plastic, straw-like object containing methamphetamine in one of the pockets of appellant's pants.

{¶ 4} Based on this event, appellant was indicted for possession of drugs. Appellant moved to suppress the evidence obtained from the pat down. After a hearing, the trial court denied the motion. Appellant then pled no contest to the charge, was found guilty, and sentenced to three years of community control. At the sentencing hearing, appellant did not request that the court waive costs. Appellant now appeals her conviction and sentence raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY DENYING STARR'S MOTION TO SUPPRESS EVIDENCE THAT POLICE OBTAINED IN VIOLATION OF HER RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 7} Appellant argues in her first assignment of error that the trial court erred by denying her motion to suppress evidence because the pat down exceeded the scope of a weapons search. Specifically, she argues it was not immediately apparent to the officer the object was contraband.

{¶ 8} Appellate review of a motion to suppress presents mixed questions of law and fact. *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, ¶ 14. The appellate court must defer to the trial court's findings of fact when supported by competent, credible evidence. *Id.* The appellate court then independently determines, without deference to the trial court, whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 9} Both the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit the government from conducting unreasonable searches and seizures. *State v. Grant*, 12th Dist. Preble No. CA2014-12-014, 2015-Ohio-2464, ¶ 13. For our purposes, the Ohio Supreme Court has interpreted the protections afforded by the Ohio Constitution to be coterminous with the United States Constitution. *Banks-Harvey* at ¶ 16. Under the Fourth Amendment, the government may only conduct a search or seizure with a warrant issued through judicial process. *Id.* at ¶ 17, citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 (1967).

{¶ 10} Yet, some exceptions exist to allow law enforcement to act without first securing a valid warrant. *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130 (1993). One such exception is the protective pat down to search for concealed weapons. *Id.* at 372-373; See also *State v. Evans*, 67 Ohio St.3d 405, 408-409, 1993-Ohio-186. An officer may conduct a search for weapons on a person when the officer reasonably believes that the individual is armed or otherwise a threat to the officer and the public. *State v. Jimenez*, 12th Dist. Warren No. CA2011-09-103, 2012-Ohio-3318, ¶ 14. The standard of reasonableness is

- 3 -

determined by the specific, articulable facts of the situation and the rational inferences derived therefrom. *Id.*

{¶ 11} The protective pat down is not a general search of the person, because the scope of the search must be limited to the discovery of weapons. *Dickerson* at 373. Nevertheless, under the "plain-feel" doctrine, an officer may seize contraband discovered during the weapons search if it is immediately apparent the object is illegal. *Id.* at 374-376; *State v. Bean*, 12th Dist. Butler No. CA2015-07-136, 2016-Ohio-876, ¶ 18. To satisfy the immediate apparent requirement, the officer must have probable cause to "associate the object with criminal activity" given the totality of circumstances. *Grant* at ¶ 17.

{¶ 12} Appellant does not argue that her pat down was improperly initiated. Instead, she argues that it could not have been immediately apparent to the officer that the object found in her pocket was contraband because the officer testified at the suppression hearing that the object was removed "for not knowing what was in [Appellant's] pocket." Appellant's argument lacks merit, in part, because appellant's use of that quotation from the officer's testimony is taken out of context from the entire testimony.

{¶ 13} After a review of the record, we find that the pat down was proper and the officer had probable cause to associate the object with criminal activity. At the suppression hearing, the officer testified that through her training and experience, she was familiar with illicit drugs and their various paraphernalia. Further, the officer testified that prior to arriving at the residence, another officer had identified the location as a known drug house. Moreover, the officer testified that while the initial investigation was focused on assault and theft, she expanded the investigation to include illegal drug possession after speaking to Gilliam.

{¶ 14} Therefore, when the officer spoke to appellant, she noted that appellant had physical characteristics consistent with chronic methamphetamine abuse, such as sunken

facial features, noticeable scabbing, and an overall "skinny" appearance. Additionally, the officer testified that appellant's behavior seemed abnormal for 6:00 am, because appellant appeared wide awake and obsessed with cleaning the garage.

{¶ 15} As noted above, the officers received consent to search appellant's bedroom. Before the bedroom search, one officer told appellant that she was going to be patted down. At that point, appellant produced a pocket knife. An officer began the pat down and felt a hard, plastic object in the front hip pocket of appellant's pants. Contrary to appellant's assertion, at the hearing, the officer testified that it was immediately apparent to her that the object was contraband. Specifically, the officer testified: "I believed it was some type of narcotics," because "when people transport drugs, they have it in some type of plastic container or baggy." This testimony occurred during direct examination immediately after the statement quoted by appellant. The full context of the officer's testimony demonstrates that it was immediately apparent to the officer. Moreover, the facts establish that the officer had probable cause to believe the hard, plastic object was contraband. The officer had experience recognizing and recovering illicit drugs and their paraphernalia, an on-scene witness directly informed the officer about appellant's possession of methamphetamine, and appellant displayed physical characteristics of methamphetamine use. Therefore, the officer properly seized the object as part of the pat-down search.

{¶ 16} Accordingly, the trial court correctly denied the motion to suppress and appellant's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} STARR RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION

{¶ 19} In her second assignment of error, appellant argues that her counsel provided

ineffective assistance by failing to request the court waive costs at her sentencing hearing. [2] Appellant contends that because the trial court appointed counsel at both the trial and appellate levels, this alone proved that she was indigent, would be unable to pay, and should have had court costs waived.

{¶ 20} To prevail on an ineffective assistance of counsel claim, appellant must show two components: counsel's performance was deficient and that the deficiency prejudiced appellant. *State v. Manning*, 12th Dist. Butler No. CA2017-08-113, 2018-Ohio-3334, ¶ 19; citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). To prove the deficiency component, appellant must demonstrate that her counsel's performance fell below an objective standard of reasonableness. *Strickland* at 688-690. For the prejudice component, appellant must establish that there is a reasonable probability the result would have been different but for her counsel's deficiency. *Id*. at 694. The failure to satisfy either component is fatal to an ineffective assistance claim. *Manning* at ¶ 20. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*.; *see also State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 21} Pursuant to R.C. 2947.23(A), the trial court shall impose the costs of prosecution on a criminal defendant as part of a judgment. The Ohio Supreme Court has held it is proper for a court to impose costs on an indigent defendant. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, syllabus. Nevertheless, R.C. 2947.23(C) grants a trial court the authority to waive, suspend, or modify payment of costs at "the time of sentencing or at any time thereafter." Thus, appellant retains the ability to petition the trial court for a waiver of costs. Therefore, appellant's ineffective assistance claim fails, because she cannot

---

2. We note that this issue is currently pending before the Supreme Court of Ohio as a certified conflict between the districts in *State v. Davis*, 152 Ohio St.3d 1441, 2018-Ohio-1600, Case No. 2018-0312.

demonstrate prejudice given she retains the ability to move for a waiver of costs pursuant to R.C. 2947.23(C). *See also State v. Mack*, 4th Dist. Washington Nos. 17CA34 and 17CA35, 2018-Ohio-5165, ¶ 30-32 (counsel was not ineffective for failing to request waiver of costs because it did not cause prejudice); and *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, ¶ 31-32 (counsel was not ineffective for failing to request waiver of costs, because it was neither deficient on counsel's part, nor prejudicial to defendant given the on-going ability to request a waiver of costs pursuant to R.C. 2947.23[C]).

{¶ 22} Consequently, appellant has failed to establish the prejudice component required for her ineffective assistance claim and her second assignment of error is overruled.

{¶ 23} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.