[Cite as *State v. Sbarbati*, 2024-Ohio-622.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-07-076 |
| | : | O P I N I O N |
| - vs - | | 2/20/2024 |
| | : | |
| LOUIS M. SBARBATI II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-08-1022

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Louis M. Sbarbati II, appeals from his conviction in the Butler County Court of Common Pleas following his guilty plea to one count of second-degree felony aggravated possession of drugs and one count of third-degree felony having

weapons while under disability. For the reasons outlined below, we affirm Sbarbati's conviction.

## Facts and Procedural History

{¶ 2} On February 23, 2023, Sbarbati pled guilty to the two above-named felony offenses, second-degree felony aggravated possession of drugs and third-degree felony having weapons while under disability. Several months later, on June 23, 2023, the trial court held a sentencing hearing where it sentenced Sbarbati to serve an indefinite prison term of four to six years in prison on the aggravated possession of drugs offense, along with a concurrent 36 months in prison for having weapons while under disability. The trial court also imposed a mandatory postrelease control term of up to three years, but not less than 18 months, for the aggravated possession of drugs offense, and an optional postrelease control term of up to two years for having weapons while under disability. This was in addition to the trial court ordering Sbarbati to pay a mandatory minimum fine of $7,500 in accordance with R.C. 2929.18(B)(1).

## Sbarbati's Appeal and Single Assignment of Error

{¶ 3} Sbarbati now appeals his conviction, raising one assignment of error for review. Within his single assignment of error, Sbarbati has presented three issues for this court's consideration. Within those three issues, Sbarbati challenges the trial court's imposition of postrelease control, as well as the trial court's decision finding he had a present or future ability to pay the mandatory minimum $7,500 fine. Sbarbati also alleges that he received ineffective assistance of trial counsel. We address each of these three issues more fully below.

*Sbarbati's First Issue Presented for Review*

{¶ 4} Sbarbati initially argues the trial court erred by imposing a postrelease control term for each of the two felony offenses that he had pled guilty, second-degree

felony aggravated possession of drugs and third-degree felony having weapons while under disability. To support this claim, Sbarbati cites R.C. 2967.28(G)(1), claiming that statute "required the trial court to impose the one [postrelease control] term that expire[d] last." However, based on its plain language, that is simply not what R.C. 2967.28(G)(1) provides. Rather, R.C. 2967.28(G)(1) plainly states that, if an offender is simultaneously subject to two periods of postrelease control, like Sbarbati was in this case, "the period of supervision that expires last shall determine the length and form of supervision for all the periods and the related sentences."

**{¶ 5}** Given the plain language of R.C. 2967.28(G)(1), the trial court did not err by imposing a postrelease control term for each of the two felony offenses to which Sbarbati pled guilty. *See generally State v. Smith*, 2d Dist. Champaign No. 2021-CA-26, 2022-Ohio-1346, ¶ 20. The trial court was instead required to impose both postrelease control terms in accordance with R.C. 2967.28(B), which provides:

> Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

Therefore, finding no merit to Sbarbati's argument raised herein, Sbarbati's first issue presented for review lacks merit.

*Sbarbati's Second Issue Presented for Review*

**{¶ 6}** Sbarbati next argues the trial court erred by failing to consider and decide whether he had a present or future ability to pay the mandatory minimum $7,500 fine imposed in accordance with R.C. 2929.18(B)(1). We disagree.

**{¶ 7}** R.C. 2929.19(B)(5) provides that before imposing a financial sanction,

including a mandatory fine under R.C. 2929.18(B)(1), "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." "There are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay." *State v. Derifield*, 12th Dist. Madison No. CA2020-01-002, 2021-Ohio-1351, ¶ 51. "However, there must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present or future ability to pay." *State v. Saracco-Rios*, 12th Dist. Madison Nos. CA2016-02-011 and CA2016-03-014, 2016-Ohio-7192, ¶ 10. "Compliance with R.C. 2929.19(B)(5) can be shown through the trial court's use of a presentence investigation report ('PSI'), which often provides financial and personal information of the offender, in order to aid the trial court in making its determination." *State v. Carriger*, 12th Dist. Butler No. CA2016-06-108, 2017-Ohio-1330, ¶ 11.

{¶ 8} In this case, trial court specifically stated within its judgment entry that it had considered the record, the PSI generated in this case, which included Sbarbati's personal and financial information, as well as "the defendant's present and future ability to pay the amount of any sanction, fine or attorney's fees * * * " that had been imposed. "The 'consideration' requirement will be met if there is some evidence in the record to indicate the trial court considered ability to pay." *State v. McNeil*, 12th Dist. Warren No. CA2018-09-115, 2019-Ohio-1200, ¶ 10. "A presentence-investigative report in the record, which contains an offender's personal and financial information, is sufficient evidence to indicate consideration." *Id.*, citing *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 47. Therefore, because the record in this case includes a PSI containing Sbarbati's personal and financial information, something which the trial court explicitly stated within its judgment entry that it had considered, the "consideration" requirement set forth in R.C. 2929.19(B)(5) was clearly satisfied in this case. Accordingly, because

- 4 -

the record is clear that the trial court considered Sbarbati's present and future ability to pay the mandatory minimum $7,500 fine imposed upon him in accordance with R.C. 2929.18(B)(1), Sbarbati's second issue presented for review also lacks merit.

*Sbarbati's Third Issue Presented for Review*

{¶ 9} Sbarbati lastly argues his trial counsel was ineffective for "failing to file an indigency affidavit before sentencing to prevent the trial court's imposition of a mandatory fine." However, despite Sbarbati's assertions otherwise, the "[f]ailure to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine constitutes ineffective assistance of counsel only if the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed." *State v. Manning*, 12th Dist. Butler No. CA2017-08-113, 2018-Ohio-3334, ¶ 21, citing State *v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776. This is because, as this court has stated previously, "[t]he filing of an affidavit of indigency by a defendant does not automatically entitle the defendant to a waiver of the mandatory fine." *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 35, citing *State v. Gipson*, 80 Ohio St.3d 626, 634 (1998). The burden is instead on "'the offender to affirmatively demonstrate that he or she is indigent and is *unable to pay* the mandatory fine.'" (Emphasis sic.). *Saracco-Rios*, 2016-Ohio-7192 at ¶ 9, quoting *Gipson* at 635.

{¶ 10} The record in this case clearly supports the trial court's decision finding Sbarbati—an able bodied 43-year-old man who had been employed and supporting his family financially for the preceding 13 years—has future earning capabilities that would allow him to pay the mandatory minimum $7,500 fine. The record, therefore, does not support Sbarbati's claim that there was a reasonable probability the trial court would have found Sbarbati indigent and unable to pay that fine had his trial counsel filed the

necessary affidavit of indigency with the trial court. That is to say, the record does not in any way indicate that Sbarbati could have met his burden to affirmatively demonstrate his inability to pay the mandatory minimum $7,500 fine. Accordingly, given the record properly before this court, Sbarbati's third issue presented for review likewise lacks merit.

**Conclusion**

{¶ 11} For the reasons outlined above, and finding no merit to any of the three issues raised, Sbarbati's single assignment of error lacks merit and is overruled. Accordingly, having now overruled Sbarbati's single assignment of error, Sbarbati's appeal from his conviction following his guilty plea to one count of second-degree felony aggravated possession of drugs and one count of third-degree felony having weapons while under disability is denied.

{¶ 12} Judgment affirmed.

PIPER and BYRNE, JJ., concur.