OPINION
{¶ 1} Defendant-appellant, Jason Creech, appeals his theft conviction in the Butler County Court of Common Pleas. For the reasons outlined below, we affirm the judgment of the trial court.
 {¶ 2} Over a period of one month beginning on October 30, 2004 and ending on November 30, 2004, appellant removed funds from the bank account of Todd Smith without permission, using Smith's bank card at automated teller machines. Though Smith gave appellant his access code and permitted appellant to withdraw funds while he was present, Smith did not authorize appellant to make the series of withdrawals during the one-month period. Smith became aware of the missing funds when he received his bank statement in December and contacted the police soon thereafter.
 {¶ 3} Appellant was indicted by a grand jury on a single count of theft in violation of R.C. 2913.02(A)(1),[1] a fifth-degree felony. Appellant pled guilty and was sentenced accordingly. At a restitution hearing, Smith presented his bank statement, indicating withdrawals that were made without his authorization, which totaled $1,820. Appellant admitted to making unauthorized withdrawals totaling $900, but denied making the remaining withdrawals. After hearing testimony, the trial court ordered restitution in the amount of $1,820. Before sentencing, appellant's mother paid the restitution in full.
 {¶ 4} Appellant now appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY ORDERING RESTITUTION IN EXCESS OF THE AMOUNT PROVEN BY THE STATE."
 {¶ 6} In his sole assignment of error, appellant argues that the restitution order was against the manifest weight of the evidence.
 {¶ 7} When evaluating whether the evidence supports an order of restitution, a reviewing court applies the manifest weight of the evidence standard. State v. Piesciuk, Butler App. No. CA2004-03-055, 2005-Ohio-5767, ¶ 74. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 8} R.C. 2929.18(A)(1) authorizes the court to order restitution to the victim of the offender's crime, in an amount based on the victim's economic loss. "Economic loss" is defined in part by R.C. 2929.01(M) as any economic detriment suffered by a victim as a result of the commission of a felony.
 {¶ 9} For the court to ascertain the amount of restitution to a reasonable degree of certainty, the record must contain sufficient evidence. State v. Williams, Butler App. No. CA2002-09-214, 2003-Ohio-4453, ¶ 31. The amount of restitution must bear a reasonable relationship to the loss suffered. Id.
 {¶ 10} Appellant argues that the trial court did not correctly weigh Smith's testimony against that of appellant, and therefore the court ordered an excessive amount of restitution. We disagree with this argument.
 {¶ 11} In reviewing the record, we find that the evidence supports the trial court's decision to grant Smith $1,820 in restitution. We must be mindful that the original trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. Williams,
Fayette App. No. CA2005-04-016, 2006-Ohio-3084, ¶ 25, citingState v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 12} At the restitution hearing, Smith presented his bank statement and testified that he did not authorize withdrawals. As calculated from the bank statement, the unauthorized withdrawals totaled $1,820. Appellant, who admitted to making withdrawals without Smith's permission, testified that he made only some of the unauthorized withdrawals, totaling $900. Essentially, this was the sum of the evidence considered at the hearing.
 {¶ 13} In making its order, the trial court noted that it found Smith's testimony more convincing and could not believe appellant's testimony over that of Smith. Given that the trial court, as the original trier of fact, was in the best position to judge the credibility of witnesses and the weight of the evidence, the trial court did not lose its way in reaching this conclusion. Moreover, in the absence of any evidence proving that appellant, who admittedly committed theft, only took a total of $900, there is nothing in the record that suggests the trial court clearly lost its way.
 {¶ 14} Consequently, appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] This section states: (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services (1) without the consent of the owner or person authorized to give consent.