[Cite as *State v. Sesic*, 2013-Ohio-2864.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-08-020 |
| | : | O P I N I O N |
| - vs - | | 7/1/2013 |
| | : | |
| DALE A. SESIC, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20120039

Stephen J. Pronai, Madison County Prosecuting Attorney, Eamon P. Costello, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Thomas J.C. Arrington, 67 East High Street, London, Ohio 43140, for defendant-appellant

**PIPER, J.**

{¶ 1}   Defendant-appellant, Dale Sesic, appeals a decision of the Madison County Court of Common Pleas, ordering him to pay restitution of $43,600 as part of his sentence for aggravated vehicular homicide.

{¶ 2}   During the afternoon hours of February 3, 2012, Sesic and his friends consumed alcohol at the Crown Sports Bar.  One of Sesic's friends received word that his grandmother was experiencing a medical emergency at the Green Meadows trailer park.

Sesic agreed to drive his friend to the trailer park, and began to speed away from the Crown Sports Bar. As Sesic drove on Lafayette-Plain City Road at approximately 70 m.p.h, he came upon a vehicle that was stopped partially on the roadway in the northbound lane. Marilyn Payne was leaning through the passenger side window of the stopped car talking to her husband, Richard. Sesic hit the back of Richard Payne's car, which caused it to flip over and crush Marilyn. Marilyn died hours later from her injuries. Sesic, who had five previous convictions for OVI, was legally intoxicated at the time he crashed into Richard Payne's car.

{¶ 3} Payne was charged with aggravated vehicular homicide and pled no contest to the charges. The trial court sentenced Sesic to 30 months in jail, a lifetime ban of his driver's license, as well as $43,600 in restitution. Payne now challenges the trial court's order of restitution, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN ORDERING DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $43,600.

{¶ 5} Sesic argues that the trial court erred in ordering him to pay restitution to Marilyn Payne's estate in the amount of $43,600.

{¶ 6} While Sesic argues that the trial court erred in ordering restitution as it did, Sesic did not object to the trial court's ruling at the sentencing hearing. Therefore, Sesic has waived the issue on appeal except for plain error. *State v. Jarrett*, 8th Dist. No. 90404, 2008-Ohio-4868, ¶ 14; *State v. Belbachir*, 7th Dist. No 08BE24, 2009-Ohio-1511 ¶ 10.

{¶ 7} According to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, "[a]n alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. * * * Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Baldev,* 12th Dist. No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

**{¶ 8}** According to R.C. 2929.18(A)(1), a trial court has the authority to order a defendant to pay restitution to a victim or her estate for "economic loss" suffered as a result of the defendant's crime. R.C. 2929.01(L) defines economic loss as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any * * * medical cost, or funeral expense incurred as a result of the commission of the offense." According to R.C. 2929.18(A)(1),

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

For the court to ascertain the amount of restitution to a reasonable degree of certainty, the record must contain sufficient evidence, and the amount of restitution must bear a reasonable relationship to the loss suffered. *State v. Creech*, 12th Dist. No. CA2005-11-488, 2006-Ohio-3896, ¶ 9.

**{¶ 9}** The record contains sufficient evidence indicating that Marilyn Payne suffered $43,600 in economic loss and that the amount ordered by the trial court bore a reasonable relationship to the loss suffered. The record indicates that the trial court reviewed the presentence investigation report (PSI), which indicated that Marilyn Payne's economic loss was $33,000 in unpaid medical expenses, $10,000 in funeral expenses, and $600 for a headstone. Based upon these figures, the adult probation department recommended restitution in the amount of $43,600. Evidence of Marilyn Payne's economic loss was clearly enumerated in the PSI, and the trial court was permitted by statute to rely upon the information contained in the PSI when ordering restitution.

**{¶ 10}** Moreover, the PSI indicates that the probation department worker who

prepared the report asked the Payne family to "bring funeral and medical receipts in case counsel requires additional information." However, the record does not indicate that defense counsel ever requested any other documentation. Instead, counsel for the state and Sesic had access to and reviewed the PSI, which suggested restitution in the amount of $43,600. The record also indicates that counsel for the state and Sesic had access to the documentation provided by the Payne family regarding Marilyn's economic loss. However, when the trial court made its order of restitution, Sesic did not object to the amount ordered. Nor did Sesic request a hearing to dispute the amount of restitution as was his right pursuant to R.C. 2929.18(A)(1), which clearly states, "if the court decides to impose restitution, the court shall hold a hearing on restitution *if the offender * * * disputes the amount.*" (Emphasis added.)

{¶ 11} At no time did Sesic or his counsel dispute the amount requested by Payne's family as set forth in the PSI, or object to the trial court's order of restitution as being incorrect. We find no plain error in the trial court's order of restitution, as that amount was clearly enumerated in the PSI and bore a reasonable relation to the amount of loss Marilyn Payne suffered. Having found that the trial court's order of restitution did not constitute plain error, Sesic's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.

- 4 -