[Cite as *State v. Chaffin*, 2017-Ohio-4041.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-08-026 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N |
| - vs - | : | 5/30/2017 |
| | : | |
| BRANDON CHAFFIN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CR20160048

Stephen Pronai, Madison County Prosecuting Attorney, Rachel Price and Nicholas Adkins, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Charlyn Bohland, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Brandon Chaffin, appeals from the sentence he received in the Madison County Court of Common Pleas after he pled guilty to one count of aggravated burglary. For the reasons outlined below, we affirm.

{¶ 2} On April 14, 2016, the Madison County Grand Jury returned an indictment charging Chaffin with aggravated burglary in violation of R.C. 2911.11(A)(1), aggravated

burglary in violation of R.C. 2911.11(A)(2), and kidnaping in violation of R.C. 2905.01(A)(2), all first-degree felonies. Chaffin was also charged with felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. The charges arose after Chaffin and an accomplice forcefully broke into a London, Madison County, home where they then assaulted a female victim inside before stealing several items, including jewelry, her cell phone, and other electronics. During this time, Chaffin broke the victim's nose and held her at gunpoint. At the time of the offense, Chaffin was 16 years old and on probation.

{¶ 3} On June 6, 2016, Chaffin entered into a plea agreement and pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(1) in exchange for the remaining offenses being dismissed. After conducting the required Crim.R. 11 plea colloquy, the trial court accepted Chaffin's guilty plea and ordered a presentence investigation report be completed. The matter was then scheduled for sentencing on July 21, 2016.

{¶ 4} At the sentencing hearing, and upon reviewing the presentence investigation report, the trial court noted that the victim suffered serious physical, psychological, and economic harm as a result of Chaffin's actions. The trial court also noted that Chaffin was on probation at the time of the offense. The trial court then sentenced Chaffin to seven years in prison and ordered him to pay the victim $6,579.36 in restitution. Chaffin did not dispute the amount of restitution imposed. The trial court also ordered Chaffin to pay court costs and notified him that he would be subject to a mandatory five-year term of postrelease control.

{¶ 5} Chaffin now appeals from this sentence, raising three assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT IMPOSED A FINANCIAL SANCTION WITHOUT CONSIDERING BRANDON CHAFFIN'S PRESENT AND FUTURE ABILITY TO PAY THE SANCTION, IN VIOLATION OF R.C. 2929.19(B)(5).

{¶ 8} In his first assignment of error, Chaffin argues the trial court erred by ordering him to pay restitution without first considering his present and future ability to pay that financial sanction.[1] We disagree.

{¶ 9} Pursuant to R.C. 2929.19(B)(5), which was previously codified under R.C. 2929.19(B)(6), before imposing a financial sanction, including restitution, the trial court must first "consider the offender's present and future ability to pay the amount of the sanction[.]" There are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay. *State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 6. In fact, although preferable for appellate review, "'a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction.'" *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 47, quoting *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008-Ohio-2063, ¶ 7. Nevertheless, there must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present and future ability to pay. *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12, citing *State v. Adkins*, 144 Ohio App.3d 633, 647 (12th Dist.2001). This court looks to the totality of the record to see if this requirement has been satisfied. *State v. Rabe*, 12th Dist. Clermont No. CA2013-09-068, 2014-Ohio-2008, ¶ 74.

{¶ 10} "[T]he proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08(G)(2)(b)." *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 31. Pursuant to R.C. 2953.08(G)(2)(b), this court may increase, reduce, or otherwise modify a sentence that

---

1. Chaffin references the fact that he was also ordered to pay court costs. However, it is well-established that the imposition of court costs is statutorily mandated by R.C. 2947.23(A)(1)(a). Therefore, as this court has stated previously, the trial court need not consider a defendant's present and future ability to pay court costs. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-474, ¶ 47.

is appealed, or vacate the sentence and remand the matter for resentencing, if we clearly and convincingly find the sentence is contrary to law. *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 12. The term "sentence" as utilized in R.C. 2953.08(G)(2)(b) encompasses an order of restitution. *Collins* at ¶ 31, fn. 1. This is an "extremely deferential" standard of review for the restriction is on the appellate court, not the trial judge. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 43.

{¶ 11} Chaffin did not object to the trial court's order of restitution at the sentencing hearing, nor did he dispute the amount that was imposed, thus waiving all but plain error on appeal. *State v. Sesic*, 12th Dist. Madison No. CA2012-08-020, 2013-Ohio-2864, ¶ 6. Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12. "A trial court commits plain error by ordering [an offender] to pay restitution without first considering his ability to pay." *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 17.

{¶ 12} In this case, the record contains ample evidence indicating the trial court considered Chaffin's present and future ability to pay the restitution order imposed. As the record indicates, at the time of the offense, Chaffin was 16 years old and suffered from no physical or mental handicaps. Moreover, according to the presentence investigative report, Chaffin had previously worked at a fast food restaurant, had since obtained his GED, and had aspirations of attending college. Furthermore, when asked about his financial condition, the presentence investigative report indicates Chaffin stated that it was "ok." The record also indicates that while Chaffin did not have any current income, he also did not have any outstanding debts.

{¶ 13} At the sentencing hearing, the trial court stated that it had reviewed the presentence investigative report regarding the appropriate amount of restitution. Again, as noted above, Chaffin did not dispute the amount of restitution, thus indicating both he and the trial court had considered his present and future ability to pay said amount. Therefore, when reviewing the totality of the record, we find it clear that the trial court acted in accordance with the legislative mandate requiring it to consider Chaffin's present and future ability to pay restitution prior to imposing that financial sanction. Therefore, because the record contains ample evidence indicating the trial court considered Chaffin's present and future ability to pay the order of restitution imposed, Chaffin's first assignment of error is without merit and overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED WHEN IT SENTENCED BRANDON CHAFFIN TO SEVEN YEARS IN PRISON FOR AGGRAVATED BURGLARY, BECAUSE THAT SENTENCE IS NOT SUPPORTED BY THE RECORD IN THIS CASE, IN VIOLATION OF R.C. 2953.08(G) AND 2929.11(A).

{¶ 16} In his second assignment of error, Chaffin argues the trial court's decision sentencing him to seven years in prison was improper and not supported by the record. We again disagree.

{¶ 17} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court

"considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 18} After a thorough review of the record, we find no error in the trial court's decision to sentence Chaffin to serve a seven-year prison term. As the record reveals, Chaffin's sentence is not clearly and convincingly contrary to law because the trial court properly considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory five-year postrelease control term, and ordered Chaffin to serve a sentence that fell within the permissible statutory range for a first-degree felony. *See* R.C. 2929.14(A)(1) ("[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years"). As this court has stated previously, a sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *Ahlers*, 2016-Ohio-2890 at ¶ 8.

{¶ 19} The record also fully supports the trial court's sentencing decision. Specifically, the record establishes that Chaffin, along with an accomplice, forcefully broke into a London, Madison County, home where they then assaulted a female victim and broke her nose. The pair then took turns ransacking the victim's house looking for money while holding the victim at gunpoint. Unable to find any money, Chaffin and his accomplice instead stole several items belonging to the victim, including jewelry, her cell phone, and other electronics. At the

time of the offense, Chaffin was just 16 years old and on probation.

{¶ 20} As the trial court found, and as the record plainly reveals, Chaffin's actions caused the victim to suffer serious physical, psychological, and economic harm, including having to undergo surgery to fix her broken nose, all of which support the trial court's decision to sentence Chaffin to a period of seven years in prison. Therefore, because we find Chaffin's sentence was not clearly and convincingly contrary to law, and because the record fully supports the trial court's sentencing decision, Chaffin's second assignment of error is also without merit and overruled.

{¶ 21} Assignment of Error No. 3:

{¶ 22} BRANDON CHAFFIN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 23} In his third assignment of error, Chaffin argues he received ineffective assistance of counsel since his trial counsel did not object to the trial court's failure to consider his present and future ability to pay restitution. In light of our decision in Chaffin's first assignment of error, we find this claim lacks merit for it is clear from the record the trial court actually did consider Chaffin's present and future ability to pay restitution prior to imposing that financial sanction. Therefore, Chaffin's third assignment of error is likewise without merit and overruled.

{¶ 24} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.