[Cite as *State v. Yanez*, 2017-Ohio-7209.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-10-190 |
| | : | O P I N I O N |
| - vs - | | 8/14/2017 |
| | : | |
| JUAN JESUS YANEZ a.k.a. JUAN JESUS VANEZ, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-06-0899

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Juan Yanez, appeals his conviction in the Butler County Court of Common Pleas for felonious assault, as well as court costs imposed in two criminal cases in which he was the defendant.

{¶ 2} Yanez was the defendant in two separate criminal cases. In the first case,

Yanez was charged with two counts of felonious assault and aggravated robbery. Yanez pled not guilty, and the matter proceeded to a jury trial. The jury found Yanez guilty of one count of felonious assault. In the second case, Yanez was charged with burglary and possessing criminal tools, and Yanez pled guilty to the charges. Within one sentencing hearing, the trial court sentenced Yanez on both cases and ordered him to pay court costs for each. Yanez appeals the imposition of court costs through his third assignment of error.

{¶ 3} While Yanez appeals the court costs associated with both of his cases, he only appeals issues related to his trial for felonious assault, and does not otherwise challenge his guilty pleas for burglary and possessing criminal tools. The pertinent facts regarding the felonious assault conviction are as follows.

{¶ 4} Hamilton police responded after receiving reports that two men had been assaulted. Upon arrival, the officers observed a group of people holding down a man, later identified as Yanez, as well as two men who had been stabbed. Officers investigated the scene and located a knife in a grassy area near where the assaults occurred.

{¶ 5} One of the stab victims told officers that he was near his car when Yanez came up behind him, showed a knife, and demanded his wallet. When the victim tried to push Yanez away, Yanez stabbed the victim in the hand, arm, face, neck, and stomach. The victim, who was visiting his brother, ran to his brother's house and was followed by Yanez. The victim's brother opened the door, and the victim told people inside that he had been stabbed. At that point, Yanez tried to flee on his bicycle.

{¶ 6} Several people who had been in the home of the victim's brother chased after Yanez. When Yanez turned his head to see if he was being chased, his bicycle hit the curb and he fell. The people chasing Yanez began to struggle with him, and Yanez stabbed one of the people during the struggle. Eventually, the victim's brother was able to wrestle the knife from Yanez, and he threw it into the nearby grass.

{¶ 7} Yanez was charged with two counts of felonious assault, one for each person he stabbed, as well as aggravated robbery. He pled not guilty to the charges, and the matter proceeded to a two-day trial. During the trial, Yanez claimed self-defense, and testified that he was protecting himself from the two men he stabbed. The jury found Yanez guilty of felonious assault on the first man only. Yanez now appeals his conviction, raising the following two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENT ON A GUILTY VERDICT FOR COUNT ONE.

{¶ 10} Yanez argues in his first assignment of error that the trial court should not have entered the guilty verdict because he was successful in proving self-defense.

{¶ 11} To establish the affirmative defense of self-defense, a defendant must prove by a preponderance of evidence that the defendant (1) was not at fault in creating the situation giving rise to the affray, (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force, and (3) did not violate any duty to retreat or avoid danger. *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 28.

{¶ 12} Yanez was convicted of felonious assault in violation of R.C. 2903.11(A)(2), which prohibits causing or attempting to cause "physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 13} During Yanez's trial, the jury heard conflicting evidence from witnesses. While Yanez testified that he was not the initial aggressor and that he only fought the two men he stabbed after they attacked him, the jury heard testimony from the two men that Yanez stabbed them after trying to steal the first man's wallet.

{¶ 14} The first man testified that Yanez attacked him from behind and demanded his

- 3 -

wallet. When the man pushed him, Yanez stabbed the man multiple times and only stopped once the man was able to run to his brother's house. The jury also heard testimony from several witnesses, including officers who reported to the scene, that Yanez was not injured on the night of the incident.

{¶ 15} Conversely, the jury heard testimony from Yanez that he and the man he stabbed knew each other for many years, and that he and the man had disagreements with each other in the past. Yanez claimed that on the night of the incident, he and his girlfriend were riding bicycles along the Great Miami River when he dropped a pack of cigarettes and stopped to pick them up. Yanez testified that when he was getting back on his bicycle, he was attacked by the first man he stabbed. He also claimed that the second man he stabbed hit him several times with bolt cutters and that he was kicked and hit several times by the men who were struggling with him.

{¶ 16} While Yanez's testimony conflicts with testimony from the state's witnesses, the jury is the best judge of witness credibility and we will not disturb the jury's finding that Yanez's testimony lacked credibility that he was acting in self-defense when he stabbed the first man. The jury heard evidence that contradicted Yanez's testimony, including that Yanez was not injured on the night of the incident. This testimony directly conflicted Yanez's testimony that he was kicked and beaten with bolt cutters before stabbing the two men. The jury's verdict demonstrates that it found Yanez's testimony lacking to prove that he acted in self-defense when stabbing the first man, and the trial court acted properly by entering the conviction based on the jury's verdict.

{¶ 17} After reviewing the record, we find that the trial court did not err in entering the guilty verdict. Yanez's first assignment of error is, therefore, overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL DUE TO

PROSECUTORIAL MISCONDUCT.

{¶ 20} Yanez argues in his second assignment of error that his trial was unfair because of prosecutorial misconduct.

{¶ 21} For a conviction to be reversed on the basis of prosecutorial misconduct, a defendant must prove the prosecutor's acts were improper and that they prejudicially affected the defendant's substantial rights. *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62. To demonstrate prejudice, a defendant must show that the improper remarks or questions were so prejudicial that the outcome of the trial would clearly have been otherwise had they not occurred. *State v. Jones*, 12th Dist. Butler No. CA2006-11-298, 2008-Ohio-865, ¶ 21.

{¶ 22} The focus of "an inquiry into allegations of prosecutorial misconduct is upon the fairness of the trial, not upon culpability of the prosecutor." *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 57. As such, prosecutorial misconduct "is not grounds for error unless the defendant has been denied a fair trial." *State v. Olvera-Guillen*, 12th Dist. Butler No. CA2007-05-118, 2008-Ohio-5416, ¶ 27.

{¶ 23} As no objections were raised to the claimed instances of prosecutorial misconduct, we will review such for plain error. Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless the error is obvious and but for the error, the outcome of the trial would have been different. *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 39. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

{¶ 24} Yanez first claims that the prosecutor committed misconduct when questioning him about his felony record on cross-examination. The prosecutor asked about Yanez's

burglary convictions from 2005 and 2012, and Yanez does not challenge that the state could use such convictions to impeach his credibility as a witness. However, Yanez claims that the state's actual purpose in addressing the convictions was to suggest that Yanez was planning to commit burglary on the night of the incident. During the state's cross-examination, the prosecutor asked Yanez why he was wearing a bandanna on the night in question, and why he was in possession of a flashlight and wire cutters. After Yanez answered the prosecutor's questions, the prosecutor asked, "Sure you weren't out there doing something else?" and later asked, "You've been convicted multiple times of burglary?"

{¶ 25}  While Yanez was only convicted of felonious assault, the state also charged him with aggravated robbery. Yanez pled not guilty to the charge, and the state was within its authority to question Yanez about the robbery charge. Yanez did not contest that on the night of the incident, which occurred in June, he was wearing gloves, carrying wire cutters, a flashlight, and a knife. As such, the prosecutor's line of questioning was proper given that the state was entitled to present evidence regarding all the charges brought against Yanez.

{¶ 26}  While the question regarding previous convictions for burglary may have been close in time to the state's question as to why Yanez was wearing gloves and carrying wire cutters, we cannot say that such rises to the level of plain error where the state was acting within its right to challenge Yanez's credibility. Absent an objection and discussion of the matter and how the question was being used, we are not able to conclude that the question itself was enough to cause a miscarriage of justice where the jury heard of Yanez's convictions multiple times throughout trial, including on Yanez's direct examination.

{¶ 27}  Yanez next argues that the prosecutor committed misconduct by stating during closing argument that part of the defense strategy was to suggest that a police conspiracy occurred during its investigation into the incident. During the state's closing argument, the prosecutor stated "now it's a conspiracy. Now, the police are involved.  * * *  Now the police

are in on it."  The prosecutor also alluded to Yanez's prior convictions for burglary and mentioned Yanez's testimony that he was wearing gloves, carrying wire cutters, and a flashlight.

{¶ 28}  Regarding the police conspiracy issue, the record indicates that Yanez testified that when he tried to show police his injuries "they told me to shut the fuck up."  Yanez also testified that he was told to shut up when he told police he wanted to file assault charges against the men he stabbed.  Moreover, defense counsel cross-examined the officers who investigated the matter and asked questions that ranged from suggesting insufficient police work to insinuating that police mistreated evidence on the night of the incident.  When the closing argument is read in conjunction with the testimony at trial, the state did not engage in misconduct by referencing Yanez's defense strategy to question police activity on the night of the incident.

{¶ 29}  Regarding the state's reference to Yanez's convictions, the record shows that the state was questioning Yanez's credibility during trial.  When read in whole, the state's closing argument clearly made Yanez's credibility a key issue.  The prosecutor's closing argument addressed the evidence and inferences that could reasonably be drawn from such testimony to show that Yanez's testimony lacked credibility.  Using the specific evidence and testimony elicited during trial, the prosecutor properly made the challenged comments in context of explaining why the defendant lacked credibility.

{¶ 30}  Yanez also claims that the prosecutor engaged in misconduct when he stated, "you don't put a convicted felon on the stand to tell you the truth.  You just don't."  Yanez claims that the state hoped to convince the jury that he was a liar and to mislead the jury into believing that the defense strategy was to have Yanez testify and lie in order to escape conviction.  However, the evidence at trial indicated that Yanez claimed that he was the victim and that he was acting in self-defense at the time of the stabbing.  Thus, the state was

merely making an argument that Yanez's testimony lacked credibility or corroboration. As previously stated, for example, Yanez claimed to have been beaten and kicked by the stabbed men, but he showed no sign of injury when police arrived on the scene.

{¶ 31} Yanez also attempts to claim this singular comment insinuates that his counsel was somehow acting inappropriately. Such an assumption can only be gleaned if taking the statement out of context from the state's entire closing argument. This, we decline to do. While attempts to stigmatize opposing counsel are universally condemned, here, the state's comment was well-within the wide range of latitude customarily given to counsel in closing arguments. *State v. Haddix*, 12th Dist. Warren No. CA2011-07-075, 2012-Ohio-2687. While arguably inartful, the comment, within context of the state's closing argument, was merely an attempt to challenge Yanez's credibility.

{¶ 32} Yanez also argues that the prosecutor engaged in misconduct when making a comment on the 9-1-1 call reporting the incident to police. The call, which was made by one of the men stabbed, was played to the jury. During closing arguments, the prosecutor stated, "I want you to listen to that 9-1-1 call. See if you hear fear in [the man's] voice. I did." While we find the prosecutor's statement misguided in referring to himself, it does not rise to the level of plain error.

{¶ 33} The record is clear that the evidence offered by the two parties was in direct conflict. While Yanez never denied that he stabbed both men, he claimed that he did so in self-defense. The prosecutor, in arguing that the stabbings were not self-defense, commented on the evidence offered specific to the 9-1-1 call. While there was no need for the prosecutor to interject a personal perspective regarding the caller's state of mind, we find the result of Yanez's trial would not have been different absent the statement. The jury instructions clearly guided the jurors to determine on their own what weight, if any, should be attributed to the 9-1-1 call. This is true regardless of the prosecutor's single reference

regarding his personal perception. As such, we cannot say the prosecutor's imprudent statement rose to the level of plain error.

{¶ 34} After a review of the record, the statements alleged above did not constitute prosecutorial misconduct, individually, or collectively. Instead, the jury heard ample evidence that Yanez stabbed the victim after demanding his wallet, and the evidence corroborated the victim's testimony that he was assaulted rather than Yanez acting in self-defense. We find no plain error in the state's comments or questions during trial, as there is no indication in the record that absent the comments or questions, the result of Yanez's trial would have been different. As such, Yanez's second assignment of error is overruled.

{¶ 35} Assignment of Error No. 3:

{¶ 36} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING THE PAYMENT OF COSTS IN THE JUDGMENTS OF CONVICTION FOR CASE NOS. CR2015-06-0899 AND CR2015-11-1693.

{¶ 37} Yanez argues in his final assignment of error that the trial court erred in ordering him to pay court costs.

{¶ 38} R.C. 2947.23(A) requires a trial court to include in the sentence costs of prosecution and to render a judgment against the defendant for such costs. According to the Ohio Supreme Court, the trial court must impose court costs at the sentencing hearing, and imposition in the sentencing entry is not enough. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954.

{¶ 39} While Yanez claimed in his brief that the trial court did not address costs during the sentencing hearing, the record indicates otherwise.[1] As previously stated, Yanez was sentenced on both cases at the same sentencing hearing, and during that hearing, the

---

1. During oral arguments to this court, Yanez conceded that his assignment of error was meritless.

trial court addressed costs. "Will order the defendant to pay the court costs in this matter. Mr. Yanez, if you failure [sic] to pay court costs, community service may be imposed upon you where your failure to pay court costs, in that event, any community service that you perform will be made applied times the federal minimum wage to arrive at a * * * figure against those court costs."

{¶ 40} The trial court's express statement regarding court costs fulfilled the court's duty to impose court costs at the sentencing hearing. As such, Yanez's final assignment of error is overruled.

{¶ 41} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.