[Cite as *State v. Blevings*, 2018-Ohio-4382.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-12-175 |
| | : | O P I N I O N |
| - vs - | | 10/29/2018 |
| | : | |
| ROBERT M. BLEVINGS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR3353

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Gieske Law Office, LLC, Krista M. Gieske, 810 Sycamore Street, 3rd Floor, Cincinnati, Ohio 45202, defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Robert Blevings, appeals the sentencing decision of the Warren County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} Within a three-week span, Blevings robbed three Warren County businesses at gunpoint. On October 19, 2017, Blevings pled guilty to: (1) three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies, each with a firearm

specification pursuant to R.C. 2941.145(A), (2) one count of possession of criminal tools in violation of R.C. 2923.24 (A), a fifth-degree felony, and (3) one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony. The trial court ordered a presentence investigation as well as a forensic evaluation.

{¶ 3} On December 6, 2017, Blevings was sentenced to a 15-year prison term and ordered to pay restitution.[1] Blevings now appeals, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY FAILING TO PROPERLY CONSIDER AND WEIGH THE REQUISITE STATUTORY FACTORS AND IN IMPOSING AN UNLAWFULLY EXCESSIVE SENTENCE IN VIEW OF THE MITIGATING EVIDENCE CONTAINED IN THE RECORD.

{¶ 6} In his first assignment of error, Blevings argues the trial court's sentencing decision was not supported by the record and his sentence was improper based on the absence of a prior criminal record and the inclusion of mitigating evidence. We disagree.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

---

1. Specifically, the trial court ordered three-year prison terms on each count of aggravated robbery with additional three-year terms for the firearm specifications. The aggravated robbery counts and two of the specifications were ordered to be served consecutively. The trial court also concurrently imposed a 12-month prison term for possession of criminal tools and an 18-month prison term for improperly handling a firearm in a motor vehicle.

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 9} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 10} Blevings does not argue that he was sentenced outside of the statutory range. Rather, he argues that the trial court erred by imposing a sentence more severe than necessary to meet the underlying purposes of the sentencing statutes. Prior to the instant offenses, Blevings maintains that he lived a law-abiding life and his criminal conduct occurred during a time when he was under severe mental distress. Blevings claims that he suffered from mental health issues, including severe post-traumatic stress disorder following his wife's suicide and the death of his father-in-law.[2] Blevings alleges that the post-traumatic stress, loss of his job, health insurance, and inability to obtain prescription medication compromised his mental state.

---

2. Blevings found his wife's body following her suicide and he alleges that he suffers auditory hallucinations that present as his wife's voice.

{¶ 11} After reviewing the record, we find that the trial court did not err in sentencing Blevings to a 15-year prison term. Blevings' sentence was not contrary to law and was supported by the record. In the present case, the trial court considered the statements of Blevings, Blevings' trial counsel, the victims, as well as the information contained in the forensic evaluation report and the presentence investigation report. The trial court considered the impact of mental health in sentencing decisions but found that "[s]ome people just need to be taken out of society and put away in a place where they can't cause future harm. And that's the case here." Contrary to Blevings' argument, the trial court considered his lack of a prior criminal record. The trial court stated it would have imposed a longer prison sentence, but for his lack of a serious criminal history. Though Blevings maintains in mitigation that he never pointed the gun at anyone and caused no physical harm, we find Blevings' protestations have limited value considering the seriousness of his criminal conduct. As a result, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record. Blevings' first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN ORDERING BLEVINGS TO PAY RESTITUTION AS PART OF HIS SENTENCE.

{¶ 14} In his second assignment of error, Blevings argues the trial court erred by ordering him to pay restitution without first considering his present and future ability to pay that financial sanction. Blevings' argument is without merit.

{¶ 15} R.C. 2929.19(B)(5) provides that a trial court, before imposing a financial sanction, including restitution, must first "consider the offender's present and future ability to pay the amount of the sanction or fine." While "[t]here are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay," there "must be some evidence in the record to show that the trial court acted in accordance

with the legislative mandate that it consider the offender's present and future ability to pay." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 27. In fact, although preferable for appellate review, "'a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction.'" *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 47, quoting *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008-Ohio-2063, ¶ 7. Nevertheless, there must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present and future ability to pay. *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12. This court looks to the totality of the record to see if this requirement has been satisfied. *Abrams* at ¶ 27.

{¶ 16} "[T]he proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08(G)(2)(b)." *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 31. Pursuant to R.C. 2953.08(G)(2)(b), this court may increase, reduce, or otherwise modify a sentence that is appealed, or vacate the sentence and remand the matter for resentencing, if we clearly and convincingly find the sentence is contrary to law. *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 12. The term "sentence" as utilized in R.C. 2953.08(G)(2)(b) encompasses an order of restitution. *Id.* at ¶ 6. This is an "extremely deferential" standard of review for the restriction is on the appellate court, not the trial judge. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 43.

{¶ 17} Blevings did not object to the trial court's order of restitution at the sentencing hearing, nor did he dispute the amount that was imposed, thus waiving all but plain error on appeal. *State v. Sesic*, 12th Dist. Madison No. CA2012-08-020, 2013-Ohio-2864, ¶ 6. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error means an

obvious defect in trial proceedings that affected the defendant's substantial rights. *State v. Holmes*, 12th Dist. Butler No. CA2017-08-115, 2018-Ohio-2086, ¶ 22. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Grisham*, 12th Dist. Warren No. CA2013-12-118, 2014-Ohio-3558, ¶ 38.

{¶ 18} In this case, Blevings was ordered to pay $1,100 to the owner of the first business that he robbed based on the estimated economic loss of $1,600, less the amount reimbursed by the insurance company. The trial court declined to compensate the first business owner for additional security that had been installed following the robbery.

{¶ 19} Blevings argues that the trial court did not appropriately consider his ability to pay the restitution amount. Blevings states that after serving his 15-year sentence, he will be 65 years old and is likely to have continued physical and mental health issues. Blevings believes that his ability to find work following his release from prison will be nearly impossible. However, following review, we find Blevings' argument to be without merit. The trial court appropriately considered the PSI in this case, which included details of Blevings' prior work history. The restitution award was justified based on the evidence of the victim's out-of-pocket losses and does not amount to a manifest miscarriage of justice. As a result, Blevings' second assignment of error is overruled.

{¶ 20} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.