[Cite as *State v. McNeil*, 2019-Ohio-1200.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-115 |
| | : | O P I N I O N |
| - vs - | | 4/1/2019 |
| | : | |
| RONNIE McNEIL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34197

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Bryan S. Hicks, P.O. Box 359, Lebanon, Ohio 45036, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Ronnie McNeil, appeals the sentence imposed by the Warren County Court of Common Pleas after he pled guilty to theft and criminal damaging. For the reasons stated below, we affirm his sentence.

{¶ 2} In May 2018, appellant was indicted on six counts of theft, in violation of R.C. 2913.02(A)(1), and four counts of criminal damaging, in violation of R.C. 2909.06(A)(1). Three of the theft offenses constituted fifth-degree felonies pursuant to R.C. 2913.71, while

the remaining three theft offenses constituted first-degree misdemeanors. All the criminal damaging offenses constituted second-degree misdemeanors. These charges resulted from appellant breaking into multiple parked cars in Mason, Ohio and stealing credit cards, money, and other miscellaneous items.

{¶ 3} On June 5, 2018, appellant pled guilty to four of the offenses: three felony theft counts and one count of criminal damaging. In exchange for the plea, the remaining six charges were dismissed. The trial court found appellant guilty and ordered a presentence-investigative report and a community-based correctional facility evaluation.

{¶ 4} On August 7, 2018, the trial court sentenced appellant to three years of community control. As part of the community control sanction, the trial court ordered placement in a community-based correctional facility, a period of house arrest, and payment of $2,266 in restitution to the victims. The trial court did not impose any other financial sanctions and waived court costs. Moreover, the trial court notified appellant that there was a potential incarceration of twelve months in prison for the first theft count, six months in prison for each of the remaining two theft counts, and 90 days in jail for the criminal damaging count should he violate the terms and conditions of community control. At the hearing, the trial court made findings that each of the potential prison terms would be served consecutively to one another, for an aggregate prison term of 24 months.

{¶ 5} Appellant appeals his sentence, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION IN ITS RESTITUTION ORDER.

{¶ 8} In his first assignment of error, appellant argues the trial court abused its discretion when it ordered him to pay restitution, because the court failed to consider his present and future ability to pay the financial sanction.

{¶ 9}   We review an order of restitution, as part of a felony sentence, under the standard set forth in R.C. 2953.08(G)(2). *State v. Blevings*, 12th Dist. Warren No. CA2017-12-175, 2018-Ohio-4382, ¶ 16.  Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence only if there is clear and convincing evidence the record does not support the trial court's findings under relevant statutes or the sentence is contrary to law. *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1.  Ultimately, an appellate court does not review under an abuse of discretion standard.  R.C. 2953.08(G)(2); *Marcum* at ¶ 10.

{¶ 10} Pursuant to R.C. 2929.18, a trial court may impose restitution as part of a felony sentence.  To impose restitution, R.C. 2929.19(B)(5) requires a trial court "consider" the offender's present and future ability to pay.  However, a trial court is not required to make express findings as to ability to pay or include in the judgment entry express language that it considered ability to pay.  *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 12.  The "consideration" requirement will be met if there is some evidence in the record to indicate the trial court considered ability to pay.  *Id.*  A presentence-investigative report in the record, which contains an offender's personal and financial information, is sufficient evidence to indicate consideration.  *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 47.

{¶ 11} Since appellant did not object to the order of restitution, he has waived all but plain error review on appeal.  *Blevings* at ¶ 17.  To constitute plain error, the error must be obvious.  *State v. Yanez*, 12th Dist. Butler No. CA2016-10-190, 2017-Ohio-7209, ¶ 23.  Plain error is justiciable when the outcome would have been different, but for the error.  *State v. Liming*, 12th Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 35.  Review of plain error is made with utmost caution and only to prevent a manifest miscarriage of justice.  *Id.*  Nevertheless, it is plain error for a trial court to impose restitution on an offender without considering the offender's present and future ability to pay.  *State v. Chaffin*,

12th Dist. Madison No. CA2016-08-026, 2017-Ohio-4041, ¶ 11.

{¶ 12} After review of the record, we find no error in the trial court's order of restitution as part of appellant's sentence, because the record demonstrates consideration of appellant's ability to pay. Foremost, the trial court ordered a presentence-investigative report that included appellant's personal and financial information. This alone is adequate to show the trial court complied with the statutory consideration requirement. *Dehner* at ¶ 47.

{¶ 13} In addition to the presentence report, at the sentencing hearing, the trial court explicitly demonstrated consideration of appellant's present and future ability to pay when it stated:

> I am going to make a finding that [appellant is] indigent. I know that [appellant is] on Social Security at this time, and I'm not going to level any additional financial sanctions against [appellant], including the costs of prosecution. *** I want [appellant] to pay restitution, but I *** [t]here's no sense in piling on him right now.

{¶ 14} By waiving court costs and other financial sanctions, the trial court indicated it considered appellant possessed means, although limited, to pay restitution. Consequently, the trial court did not err by ordering appellant to pay restitution. Therefore, appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT IMPROPERLY MADE FINDINGS FOR CONSECUTIVE PRISON SENTENCES.

{¶ 17} In his second assignment of error, appellant argues the trial court erred by making statutory findings to impose consecutive prison terms, despite sentencing appellant to community control. We find that the error was harmless, as any argument regarding the imposition of consecutive sentences is not ripe for review.

{¶ 18} To be justiciable, a claim or issue must be a real controversy for which a judicial resolution will have a "direct and immediate" impact. *State v. McCarty*, 12th Dist. Butler No. CA2006-04-093, 2007-Ohio-2290, ¶ 15. If the claim rests on future events that may not occur, then it will not be ripe for adjudication. *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257 (1998).

{¶ 19} When an offender is sentenced to community control, a trial court may impose a prison term on an offender as punishment for violating the community control sanction. R.C. 2929.15(B). However, the court must notify the offender of the potential prison term at the original offense's sentencing hearing or a prior community control violation sentencing hearing. R.C. 2929.19(B)(4); R.C. 2929.15(B)(3); *State v. Fraley*, 105 Ohio St. 3d 13, 2004-Ohio-7110, ¶ 18. This notification serves as a "ceiling" for the potential prison term the trial court could impose on any future community control violations. *State v. Brooks*, 103 Ohio St. 3d 134, 2004-Ohio-4746, ¶ 23.

{¶ 20} To impose consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings at the sentencing hearing and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. Nevertheless, when an offender is placed on community control, it is only necessary for the trial court to make R.C. 2929.14(C)(4) findings when it *actually imposes* consecutive prison sentences at a community control violation hearing. *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 41-47.

{¶ 21} Although the trial court was not required to make the consecutive sentence findings at this stage, the error was harmless because these findings have no effect. Appellant cannot show the trial court's error has a direct and immediate impact on him,

because he has not violated his community control.  Accordingly, appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.